THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
RICHARD WARREN, Appellant.

The defendant was indicted for the crime of manslaughter in the second
degree, in having caused the death of one D. by striking him a blow on
the head with a stone held in his hand. D. appeared before the grand
jury and made presentment against defendant for an alleged assault and
battery, which he claimed was committed by defendant; no indictment was
found upon such presentation. After D. died the present indictment was
found. It was objected that the indictment could not be sustained under
section 270 of the Code of Criminal Procedure, it having been found with-
out leave of the court first obtained, after a failure of a previous jury to
find an indictment for the same assault. *Held*, untenable; that the crime
charged in the first presentation constituted a different offense from that
here involved; that a conviction, even of the offense of assault and bat-
tery, would have been no bar to a prosecution for the graver crime sub-
sequently developed.

(Submitted February 29, 1888; decided March 20, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court, in the second judicial department, entered upon an
order made September 20, 1886, which affirmed a judgment
of conviction of the crime of manslaughter in the second
degree, and which denied a motion for a new trial.

The following is the opinion in full:

"The defendant was indicted for the crime of manslaughter
in the second degree in having caused the death of one John
Dillon by striking him a blow on the head with a stone held
in his hand. The assault was alleged to have been committed
at the town of Mamaroneck in Westchester county on the 13th
day of December 1883, and resulted in the death of Dillon
on the 5th day of January, 1884. Upon the trial of the
indictment the defendant was found guilty of the charge
alleged against him and the judgment entered upon the verdict
has been affirmed by the General Term upon an appeal thereto.
No question is raised in this court but that the verdict was
fully supported by the evidence; but a reversal is sought on
the ground that certain exceptions taken to the rulings of the
trial court are alleged to be well founded. The case contains
quite a number of exceptions, but, except in a single instance,

we do not consider any of them important or material or worthy of serious consideration, and cannot doubt but that the verdict of the jury would have been the same whatever disposition had been made of these objections.

"The evidence tended to establish the fact that Dillon kept a tavern or saloon in Mamaroneck, and prior to the thirteenth day of December had several times, on account of his alleged quarrelsome disposition, forbidden the defendant from entering his house. On the night in question the defendant, with two companions, was seen going towards Dillon's tavern between ten and eleven o'clock, and was heard to say 'we will go down the street and clean out that Jew son of a bitch.' Soon thereafter he entered the tavern with his two companions, and, as testified to by several witnesses, having a stone in his hand. He advanced to the bar and asked for drinks. Before getting them the defendant was observed by the deceased, who approached him and told him he must get out as he had been forbidden the house. The defendant expostulated and declined to leave, whereupon the deceased, obtaining possession of a small stick or club, and advancing toward the defendant, insisted that he should leave the house; the defendant then backed slowly to the door, followed by the deceased, and went out, but kept his foot in such a position that the door could not be closed; thereupon the defendant thrust his right arm through the opening in the door and striking the deceased a blow on the head felled him to the floor. The deceased soon got up, bleeding from his wound and followed the defendant into the street where there was a brief continuation of the affray. Immediately after the blow a stone covered with blood was found just inside the door upon the floor. The deceased made complaints about pains in his head for several weeks after this, but suffered no serious inconvenience therefrom until about the first of January thereafter, when he sought medical assistance. He lingered along to the time of his death on the fifth, after which an autopsy was taken and it was determined that death was caused by an abscess consequent upon a fracture of the skull produced by the blow referred to.

" The cause of the death was not disputed on the trial, but the issue was whether the defendant did strike the deceased as alleged, and if he did, whether it was done in self-defense. Upon these questions evidence was given on behalf of the defendant, conflicting with the version given by the People's witnesses, but the verdict was against the defendant, and, as we think, is fully sustained by the evidence.

The defendant takes the objection, under section 270 of the Code of Criminal Procedure, that the indictment cannot be sustained, because it was found by the grand jury without leave of the court first obtained after a failure of a previous jury to find an indictment for the same assault. The defect in this point is, that the first presentation to the grand jury was made during the lifetime of John Dillon and upon a charge of assault and battery, constituting a different offense from that here involved. The present indictment was found after his death, and for the offense of manslaughter, which crime did not become complete until January 5, 1884, by the death of Dillon. There could not, therefore, have been a presentation to the grand jury of a complaint for this crime prior to January fifth. A conviction even of the offense of assault and battery would have been no bar to a prosecution for the graver crime subsequently developed. (*Baron* v. *People*, 1 Park. Cr. R. 246; *People* v. *Saunders*, 4 id. 196; *People* v. *McCloskey*, 5 id. 57.)

" The case was submitted under a charge to which no valid exception was taken, and which presented to the jury every material consideration of law which it was important for them to know. Several exceptions were taken to the charge, which, in the respects mentioned, was generally modified and explained and not afterwards excepted to; and several requests to charge were made, which were complied with by the court, and, therefore, afforded no ground for exception. Among the exceptions which were in form properly taken, we have been unable to discover a single one which is of sufficient materiality to require particular discussion.

" We are, therefore, of the opinion that the judgment should be affirmed."

*Martin J. Keogh* for appellant.

*Nelson H. Baker* for respondent.

RUGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.